[Civ. No. 7796. First Appellate District, Division One.—February 24, 1933.]

GEORGE BOGUE, Respondent, v. CENTURY INDEMNITY COMPANY (a Corporation), Appellant.

[Civ. No. 7957. First Appellate District, Division One.—February 24, 1933.]

GEORGE BOGUE, Respondent, v. CENTURY INDEMNITY COMPANY (a Corporation), Appellant.

Redman, Alexander & Bacon, George J. Zech, Herbert Chamberlin and Bohnett, Hill & Campbell, for Appellant.

Alfred Aram for Respondent.

THE COURT.—Two appeals are presented in this action: one from an order of the trial court denominated "Preliminary Restraining Order", which appeal is numbered in this court, Civ. No. 7796; and the other from a judgment afterwards entered, which is numbered in this court, Civ. No. 7957. Believing that the questions involved in these appeals might have become moot by reason of the subsequent entry of a judgment which has become final in the Superior Court in and for the City and County of San Francisco, in an action in which appellant herein, Century Indemnity Company, was plaintiff, and the respondent, George Bogue, and others were defendants, which action was numbered in the records of said superior court No. 220,709, this court on its own motion made and issued an order to show cause why the appeals should not be dismissed. On the return day this court directed the county clerk of the city and county of San Francisco to transmit the judgment-roll in the latter action to this court and that judgment-roll is now before us. For convenience of reference we shall hereafter refer to the action in which these appeals were taken as the Santa

Clara County action and the other action as the San Francisco action.

The Santa Clara County action was commenced by respondent, George Bogue, against appellant, Century Indemnity Company, to recover upon a stock broker's bond furnished by appellant as surety for W. H. Young & Bros., Inc., a corporation. The San Francisco action was commenced by Century Indemnity Company, appellant herein, against respondent, George Bogue, and other claimants under said bond to determine and marshal their respective claims, limit the total recovery of all such claimants to the sum of $5,000, the penal sum of the bond, and determine the portion of such sum of $5,000 to which each claimant was entitled.

An inspection of the judgment-roll in the San Francisco action shows that judgment was entered therein fixing and determining the amount of the claim of each of the defendants, including the respondent, Bogue, the amount of whose claim was therein determined to be $2,087.51; determining the total liability of appellant, Century Indemnity Company, to all claimants under the bond to be $5,000, and decreeing that after the payment of costs out of this amount the several defendants were entitled to the payment of the residue of such sum of $5,000 according to certain percentages therein fixed, the percentage so fixed for Bogue being 11.698 per cent. The judgment further decrees that upon payment to the several defendants as therein ordered the plaintiff shall be released and discharged from all liability to the defendants and each of them arising upon said bond, and said bond shall thereupon be exonerated and the plaintiff released and discharged from all liability thereon; and enjoins and restrains the defendants or anyone acting under or through them from asserting or claiming against plaintiff upon or under said bond any other or greater sum or amount than the proportions or percentages therein decreed, and from levying execution upon any judgment that may have been obtained for any greater proportions or percentages, and from commencing, maintaining or prosecuting any action or actions beyond such amount upon any bond or undertaking given to stay or prevent execution on any such judgment. This judgment has become final as to respondent Bogue, ap-

pellant Century Indemnity Company, and all other parties thereto.

While the Santa Clara County action was pending, Century Indemnity Company obtained from the superior court in the San Francisco action a temporary restraining order and order to show cause why a temporary injunction should not issue directed to Bogue. By this order Bogue was restrained and enjoined from proceeding further with the prosecution of the Santa Clara County action until the order to show cause could be heard, and to show cause why a temporary injunction should not issue imposing upon him a like restraint during the pendency of the San Francisco action. This order to show cause was afterwards discharged and the temporary restraining order dismissed, apparently because a continuance of the hearing of the order to show cause was had without Bogue's consent thereto. Appellant herein was preparing to take steps to obtain a new order to show cause and restraining order in the San Francisco action when Bogue applied to the court in the Santa Clara County action for the order herein appealed from in Civ. No. 7796. By this order, which was made pursuant to such application, the court purported to enjoin Century Indemnity Company permanently "from doing or causing to be done any act or acts designed, intended or calculated or likely to prevent and delay or in anywise hinder the prosecution and progress" of the Santa Clara County action, and "from commencing or instituting any action or actions or judicial proceedings involving the same parties and the same subject-matter of litigation in any court other than this court intended, designed, calculated, or likely to hinder, delay or otherwise interfere with the proceedings in the above entitled cause".

Thereafter the Santa Clara County action proceeded to trial and judgment was entered in favor of respondent Bogue, and against appellant Century Indemnity Company, for $2,127.54. This sum, so the findings show, represents the principal sum of $2,087.51 with interest thereon to the date of entry of judgment. From this judgment appellant has prosecuted the appeal numbered Civ. No. 7957. Judgment in the Santa Clara County action was entered October 6, 1930, and judgment in the San Francisco action was entered in December of the same year.

It was appellant's contention throughout the litigation in both the Santa Clara County action and the San Francisco action that the total limit of its liability to all claimants was the penal sum of the bond, $5,000, and that since the aggregate claims of the several claimants far exceeded this amount, it was entitled to have recourse to a court of equity to limit its total liability to $5,000 and to apportion that sum among the several claimants. It was respondent's contention, on the other hand, that each claimant was entitled to recover up to the penal sum of $5,000 even though the aggregate of such recoveries might far exceed that sum. We do not feel called upon to decide between these contentions or to construe the bond and the statute under which it was given. By the judgment in the San Francisco action, which has become final as to both parties, it has been adjudicated so far as the claim of respondent Bogue is concerned that the construction of the bond and the statute under which it was given contended for by appellant herein is the proper construction. The San Francisco court, sitting as a court of equity, has determined that Bogue's claim against appellant amounts to the sum of $2,087.51, but that the limit of Bogue's recovery shall be 11.698 per cent of the penal sum of the bond, after first deducting from such sum the costs of the San Francisco action. It has further enjoined Bogue or any person acting through or under him from levying execution on the judgment theretofore obtained by him in the Santa Clara County action in excess of that amount and from taking any proceedings to recover anything beyond that amount upon any bond given by appellant to stay execution on the judgment entered in the Santa Clara County action. Both parties to this appeal have permitted the judgment in the San Francisco action to become final. It has thereby become a final adjudication between them of the rights of respondent Bogue and the obligations of appellant Century Indemnity Company, and the extent of both, arising out of the claim involved in the Santa Clara County action. If the judgment herein appealed from should be reversed, Bogue would still be entitled to enforce against appellant the judgment in the San Francisco action. If the judgment herein appealed from should be affirmed, Bogue would still be restrained by the judgment in the San Francisco action from

enforcing his judgment beyond the point fixed by the judgment in the San Francisco action. It thus appears to us that by permitting the judgment in the San Francisco action to become final the parties to this appeal have rendered the questions involved in the appeal from the judgment in the Santa Clara County action moot.

In so far as the appeal from the injunctive order is concerned, it seems equally clear that the questions therein involved have likewise become moot. The judgment in the San Francisco action, as heretofore pointed out, has finally determined the respective rights of the parties in the controversy and neither the affirmance nor the reversal of the injunctive order can affect that determination.

It was suggested that that appeal should be decided by this court because respondent Bogue was threatening contempt proceedings against appellant based upon its further prosecution of the San Francisco action after the injunctive order appealed from was made. We are satisfied that nothing in the order appealed from may be construed as enjoining appellant from so doing. Indeed, respondent, Bogue, admits as much in his brief on this appeal wherein he says: ''We are in doubt whether this appeal does not present a moot question. The restraining order appealed from did not restrain appellants from continuing with any proceedings they had commenced . . . The action commenced in San Francisco by appellant . . . was not in any way hindered by the restraining order.''

For the reasons hereinabove given, both appeals are dismissed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 25, 1933, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 24, 1933.